[Cite as *State v. Quick*, 2015-Ohio-4300.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| PAUL QUICK | : | Case No. 15-CA-14 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. 14 CR 686



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                October 14, 2015



APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

BRIAN T. WALTZ                           ANDREW T. SANDERSON
20 South Second Street                   73 North Sixth Street
Fourth Floor                             Newark, OH  43055
Newark, OH  43055

*Farmer, J.*

{¶1} On October 9, 2014, the Licking County Grand Jury indicted appellant, Paul Quick, on one count of aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03. Said count arose after a controlled buy with a confidential informant.

{¶2} A jury trial commenced on February 24, 2015. The jury found appellant guilty as charged. By judgment entry filed February 25, 2015, the trial court sentenced appellant to sixteen months in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BY FAILURES OF TRIAL COUNSEL TO OBJECT TO REPEATED USES OF HEARSAY TESTIMONY."

II

{¶5} "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BY THE FAILURE OF TRIAL COUNSEL TO CHALLENGE THE ADMISSIBILITY OF EVIDENCE THROUGH A PRETRIAL MOTION OR OBJECTION AT TRIAL."

I, II

{¶6} Appellant claims he was denied the effective assistance of trial counsel for counsel's failure to object to hearsay evidence and to challenge the chain of custody for State's Exhibit 1, the methamphetamine. We disagree.

{¶7}   The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶8}   Evid.R. 801(C) defines "hearsay" as: "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

{¶9}   Newark Police Detective Doug Bline, assigned to the Central Ohio Drug Enforcement Task Force, testified to setting up with a confidential informant a controlled drug buy at a house located at 168 East Main Street.  T. at 128-129.  The confidential informant was Shannon Cooper.  T. at 129.  Mr. Cooper was wired and given $55.00 to

purchase a half gram of methamphetamine. T. at 135-136. The targeted individuals were persons named "Unc" or "Dave." T. at 143, 152-153.

{¶10} Detective Bline followed Mr. Cooper to the East Main Street location and observed him talking to appellant outside the house. T. at 138, 143-144, 147. Detective Bline was familiar with what appellant looked like prior to this incident. T. at 144. Mr. Cooper and appellant then went inside the house to complete the drug buy. T. at 144-145, 147. After the drug buy was completed, Detective Bline met Mr. Cooper at their designated meeting location. T. at 151-152. Detective Bline testified, "before I am able to shut the transmitter, recorder off, he says, 'I got this one from Paul.' " T. at 152. Defense counsel did not object to this testimony. Appellant argues the testimony constitutes inadmissible hearsay.

{¶11} An audio recording of the drug buy was played for the jury. T. at 156; State's Exhibit 4. On the recording, Mr. Cooper is heard asking for "Unc" or "Dave" and was told they were not there. T. at 160-161. Then appellant is heard on the recording saying, "I got the quarter." T. at 162. The drug buy occurs and Mr. Cooper returns to his vehicle and tells his girlfriend who is waiting for him, "I didn't get it from who I thought it would be but I got it from Paul." T. at 167. At the end of the recording, Mr. Cooper is heard telling Detective Bline he "got it off Paul." T. at 170.

{¶12} On cross-examination, Detective Bline testified "Dave" and the secondary target were not at the house during the drug buy. T. at 203. On redirect, Detective Bline affirmed that Mr. Cooper "tells you when he gets there, hey, it was actually Paul." T. at 251.

{¶13} Mr. Cooper testified he bought the methamphetamine from appellant during the controlled drug buy. T. at 314. He testified he expected to make the buy from Unc (Danny) or Dave, but neither one of them was there. T. at 300, 306, 308-310. Mr. Cooper testified he was surprised to be dealing with appellant. T. at 314-315.

{¶14} The complained of testimony by Detective Bline, Mr. Cooper saying, " 'I got this one from Paul', " was on the audio recording played to the jury and was testified to by Mr. Cooper himself.

{¶15} We fail to find any deficiency in defense counsel's performance or any prejudice to appellant as the complained of testimony was part of Mr. Cooper's direct testimony.

{¶16} Appellant also argues his trial counsel failed to object to the admissibility of State's Exhibit 1, the methamphetamine, as a proper chain of custody was not established in the record. Appellant argues "no testimony was presented by the evidence clerk at the police station who would have had access to the exhibit before the technician and after the testing of the substance but before its presentation at trial." Appellant's Brief at 13.

{¶17} Detective Bline identified the exhibit as the envelope in which he had placed the methamphetamine purchased from appellant. T. at 172. Inside the envelope were the drugs recovered from the drug buy. T. at 176. Detective Bline stated he sealed the envelope with evidence tape, initialed it, and placed it in an evidence locker with the Newark Police Department. T. at 172-174, 221. Once he placed the envelope in the evidence locker, he no longer had access to it. T. at 174. He did not know who would have taken custody of the envelope after he dropped it in

the locker. T. at 222. Detective Bline stated the best way to make sure the envelope has not been tampered with is intact evidence tape with required initials on the envelope. T. at 249.

{¶18} Beth Underwood, a forensic scientist with the Bureau of Criminal Investigation, testified to receiving State's Exhibit 1 and it was sealed and not tampered with. T. at 263. She testified she picked up the envelope from the property clerk at the Newark Police Department and placed it in her safe or in the locked room at the lab until she was ready to test it. T. at 272-273. She was the only person who had access to the safe and was one of two people who had access to the locked room. *Id.* After analyzing the drugs, she placed a red seal on the envelope and initialed it, and returned the envelope to the property clerk at the Newark Police Department. T. at 263, 274. Detective Bline testified the red seal on the envelope was intact and did not appear to have been tampered with. T. at 173.

{¶19} State's Exhibit 1 was admitted without objection. T. at 358-359. Immediately thereafter, defense counsel made a Crim.R. 29 motion for acquittal based on a lack of evidence to establish chain of custody. T. at 359-361. The trial court entertained argument and then denied the motion. T. at 360-363.

{¶20} We fail to find any deficiency in defense counsel's performance or any prejudice to appellant as defense counsel questioned the chain of custody on cross-examination and raised the issue during a Crim.R. 29 motion.

{¶21} Upon review, we do not find any ineffective assistance of counsel as argued by appellant.

{¶22} Assignments of Error I and II are denied.

{¶23} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

SGF/sg 921